IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ISAAC LINDENBERGER | ) | CASE NO. |
| 7 Huron Street | ) | |
| Norwalk, Ohio 44857 | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND REINSTATEMENT** |
| BAY POINT YACHT SALES LLC | ) | |
| 10948 E. Bayshore Road, Lakeside | ) | **JURY DEMAND ENDORSED** |
| Marblehead, Ohio 43440 | ) | **HEREIN** |
| | ) | |
| **Serve also:** | ) | |
| Bay Point Yacht Sales LLC | ) | |
| c/o 3100 Service Corp | ) | |
| 600 Vine Street, Suite 2700 | ) | |
| Cincinnati, Ohio 4502 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| GINA GORSUCH | ) | |
| c/o Bay Point Yacht Sales LLC | ) | |
| 10948 E. Bayshore Road, Lakeside | ) | |
| Marblehead, Ohio 43440 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Isaac Lindenberger, by and through undersigned counsel, as his Complaint

against the Defendants, states and avers the following:

**PARTIES**

1. Lindenberger is a resident of the city of Norwalk, county of Huron, state of Ohio.

2. Bay Point Yacht Sales LLC (hereinafter, "Bay Point") is a domestic corporation which

   operates a business located at 10948 E. Bayshore Road, Lakeside, Marblehead, Ohio 43440.

3. Upon information and belief, Gorsuch is a resident of the state of Ohio.



4. Gorsuch was at all times hereinafter mentioned, an individual who was a manager and/or supervisor at Bay Point who acted directly or indirectly in the interest of Bay Point.

5. Gorsuch was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.02.

6. Gorsuch made, or participated in, the adverse actions asserted herein.

### JURISDICTION & VENUE

7. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Lindenberger is alleging a Federal Law Claim under the Civil Rights Act of 1964, 42 U.S.C. 2000e-2.

8. All material events alleged in this Complaint occurred in county of Ottawa.

9. This Court has supplemental jurisdiction over Lindenberger's state law claims pursuant to 28 U.S.C. § 1367 as Lindenberger's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

11. Within 300 days of the conduct alleged below, Lindenberger filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2018-01922.

12. On or about October 27, 2018, the EEOC issued and mailed a Notice of Right to Sue letter to Lindenberger regarding the Charges of Discrimination brought by Lindenberger against Bay Point.

13. Lindenberger received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1) - which has been attached hereto as Plaintiff's Exhibit A.

14. Lindenberger has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.



15. Lindenberger has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

16. Lindenberger is male.

17. Lindenberger is a former employee of Bay Point.

18. Bay Point hired Lindenberger in the summer of 2016.

19. Bay Point operates a restaurant called The Shores Club, which is a restaurant situated on the beach at Marblehead.

20. Bay Point initially hired Lindenberger as a cook.

21. Bay Point did not employ Lindenberger outside of the summer months.

22. Bay Point hired Lindenberger for the summer months of 2016, 2017, and 2018.

23. Lindenberger was a strong employee for Bay Point.

24. Lindenberger had no meaningful history of discipline during his tenure with Bay Point.

25. As Lindenberger was a strong employee for Bay Point, Defendants re-hired him in 2017 and 2018.

26. Bay Point reached out to Lindenberger to see if he would return to work for the summer of 2018.

27. For the summer of 2018, Bay Point advised Lindenberger that he would return in the server position, rather than in the cook position.

28. The servers at Bay Point earn more than the cooks at Bay Point due to the tips that servers receive.

29. In 2018, Lindenberger recently started working at Chipotle.

The Employee's Attorney.™



30. When the summer of 2018 approached, Lindenberger quit his position at Chipotle in order to work at Bay Point.

31. Lindenberger quit his job at Chipotle in the summer to work at Bay Point because he knew that he would make more money at Bay Point when working in the server position.

32. Lindenberger would not have quit his job at Chipotle if he was offered to work only in the cook position for the summer of 2018.

33. Bay Point effectuates a practice of only employing females in the server position.

34. Bay Point instructed Lindenberger to return to work in March 2018.

35. Bay Point's "season" for working at the restaurant is in April.

36. Although Bay Point's restaurant would not open until April, Bay Point instructed Lindenberger to return to work in March 2018 to get the restaurant ready to operate.

37. Lindenberger indeed returned to, and started working again at Bay Point in March 2018.

38. On or about April 7, 2018, Kayla Last Name Unknown, the Restaurant Manager, advised Lindenberger that he would be working the cook position, rather than the server position.

39. Bay Point demoted Lindenberger due to his gender.

40. Forcing Lindenberger to work the cook position rather than the server position would result in a loss in pay for Lindenberger.

41. Forcing Lindenberger to work in the cook position rather than the server position constituted a demotion.

42. Forcing Lindenberger to work in the cook position rather than the server position constituted an adverse action.

43. On or about April 7, 2018, Lindenberger told Kayla LNU that he quit his job at Chipotle because he had been promised a server position.



44. On or about April 7, 2018, Kayla LNU sent Lindenberger home after he made a complaint that he was being demoted to the cook position.

45. On or after April 7, 2018, Lindenberger made complaints to Kayla LNU and Gina Gorusch regarding what he believed to be gender discrimination in violation of state and/or federal law.

46. Gorsuch, is, was, and during all material events asserted herein, the Director of Food and Beverage for Bay Point.

47. On or after April 7, 2018, Lindenberger made complaints to Kayla LNU and Gorsuch that he believed it was in violation of state and/or federal law to only employ females in the server position as it resulted in paying the female staff more than the male staff.

48. On April 11, 2018, Lindenberger texted Gorsuch, "I've contacted a lawyer who has agreed to represent me in the sexual discrimination I have received trying to get the serving position I was promised which I quit my other job for."

49. On April 12, 2018, Gorsuch sent a text message to Lindenberger stating, "Effective Tuesday April 11, 2018 [sic] you are no longer employed by Bay Point Yacht Sales."

50. Upon information and belief, Gorsuch made or participated in the determination to terminate Lindenberger's employment.

51. Defendants terminated Lindenberger's employment one day after he made a complaint opposing what he perceived to be gender discrimination.

52. Defendants terminated Lindenberger's employment because he made a protected complaint.

53. Defendants terminated Lindenberger's employment because of his gender.

54. Upon information and belief, Defendants have a progressive disciplinary policy.

The Employee's Attorney.™



55. Defendants violated their own progressive disciplinary policy when they terminated Lindenberger's employment.

56. Defendants violated their own progressive disciplinary policy because of his gender.

57. Defendants violated their own progressive disciplinary policy in retaliation for making a protected complaint.

## COUNT I: GENDER DISCRIMINATION IN VIOLATION OF 42 U.S.C. 2000e-2 *et seq.*

### (Against Bay Point Yacht Sales LLC)

58. Lindenberger restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

59. Lindenberger is a member of a statutorily protected class based on his gender under 42 U.S.C. 2000e-2 *et seq.*

60. Defendants treated Lindenberger differently than other similarly situated employees based on his gender.

61. Defendants discriminated against Lindenberger on the basis of his gender throughout his employment with the company.

62. Defendants demoted him from server to cook due to his gender.

63. Defendants terminated Lindenberger's employment without just cause.

64. Defendants terminated Lindenberger's employment based on his gender.

65. Defendants' discrimination against Lindenberger based on his gender violates 42 U.S.C. 2000e-2 *et seq.*

66. Lindenberger suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to 42 U.S.C. 2000e-2 *et seq.*

The Employee's Attorney.™



67. As a direct and proximate result of Defendants' conduct, Lindenberger suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**COUNT II: GENDER DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq*.**

**(Against All Defendants)**

68. Lindenberger restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

69. Lindenberger is a member of a statutorily protected class based on his gender under R.C. § 4112.01 *et seq*.

70. Defendants treated Lindenberger differently than other similarly situated employees based on his gender.

71. Defendants discriminated against Lindenberger on the basis of his gender throughout his employment with the company.

72. Defendants demoted him from server to cook due to his gender.

73. Defendants terminated Lindenberger's employment without just cause.

74. Defendants terminated Lindenberger's employment based on his gender.

75. Defendants' discrimination against Lindenberger based on his gender violates R.C. § 4112.01 *et seq*.

76. Lindenberger suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

77. As a direct and proximate result of Defendants' conduct, Lindenberger suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

The Employee's Attorney.™



## COUNT III:  RETALIATION IN VIOLATION OF 42 U.S.C. 2000e-2 *et seq.*

### (Against Bay Point Yacht Sales LLC)

78. Lindenberger restates each and every prior paragraph of this complaint, as if it were fully restated herein.

79. As a result of the Defendants' discriminatory conduct described above, Lindenberger complained about the gender discrimination he was experiencing.

80. Lindenberger complained about gender discrimination in writing, via text message.

81. One day after Lindenberger made a gender discrimination complaint, Defendants terminated his employment.

82. Defendants' actions were retaliatory in nature based on Lindenberger's opposition to the unlawful discriminatory conduct.

83. Pursuant to 42 U.S.C. 2000e-2 *et seq.*, it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

84. Lindenberger suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 42 U.S.C. 2000e-2 *et seq.*

85. As a direct and proximate result of Defendants' retaliatory discrimination against and termination of Lindenberger, he suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

The Employee's Attorney.™



## COUNT IV:  RETALIATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

### (Against All Defendants)

86. Lindenberger restates each and every prior paragraph of this complaint, as if it were fully restated herein.

87. As a result of the Defendants' discriminatory conduct described above, Lindenberger complained about the gender discrimination he was experiencing.

88. Lindenberger complained about gender discrimination in writing, via text message.

89. One day after Lindenberger made a gender discrimination complaint, Defendants terminated his employment.

90. Defendants' actions were retaliatory in nature based on Lindenberger's opposition to the unlawful discriminatory conduct.

91. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

92. Lindenberger suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

93. As a direct and proximate result of Defendants' retaliatory discrimination against and termination of Lindenberger, he suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

The Employee's Attorney.™



**DEMAND FOR RELIEF**

WHEREFORE, Lindenberger demands from Defendants the following:

(a) Issue an order requiring Defendants to restore Lindenberger to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Lindenberger for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $ 25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $ 25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Lindenberger's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ *Daniel S. Dubow*

Brian D. Spitz (0068816)
Daniel S. Dubow (0095530)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email:  brian.spitz@spitzlawfirm.com
        daniel.dubow@spitzlawfirm.com

*Attorneys for Plaintiff Isaac Lindenberger*



## **JURY DEMAND**

Plaintiff Isaac Lindenberger demands a trial by jury by the maximum number of jurors permitted.

/s/ *Daniel S. Dubow*

Daniel S. Dubow (0095530)
**THE SPITZ LAW FIRM, LLC**

The Employee's Attorney.™

