# IN THE U.S. DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| Isaac Lindenberger, | Case No. 3:19 CV 00077-JZ |
| Plaintiff, | Judge Zouhary |
| vs. | |
| Bay Point Yacht Sales, LLC, *et al.*, | **ANSWER OF DEFENDANTS WITH JURY DEMAND ENDORSED HEREON** |
| Defendants. | |

NOW COME Defendants Bay Point Yacht Sales, LLC and Gina Gorsuch (collectively referred to herein as "Defendants"), through their counsel Reminger Co., L.P.A., and hereby respond, aver and allege as follows regarding each numbered paragraph of Plaintiff's *Complaint*:

## PARTIES

1. Defendants are without sufficient knowledge or information to admit or deny the allegations and, therefore, deny same.

2. Defendants admit that Bay Point Yacht Sales, LLC is an Ohio limited liability company with its principal place of business located at 10948 E. Bayshore Road, Marblehead, Ohio 43440. Defendants deny the remainder of the allegations.

3. Defendants admit Gina Gorsuch is a resident of the state of Ohio.

4. Defendants admit Gina Gorsuch managed the food and beverage services at Bay Point Resort and Marina, which is a private club located at 10948 E. Bayshore Road, Marblehead, Ohio 43440, and her actions in her position as manager of food and beverage are in the interests of Bay Point Resort and Marina. Defendants deny the remainder of the allegations.

5. Defendants deny all allegations.

6. Defendants deny all allegations.

## JURISDICTION AND VENUE

7. Defendants state the paragraph avers statements and legal conclusions to which no response is required. To the extent any response is required, Defendants deny all allegations.

8. Defendants deny all allegations.

9. Defendants state the paragraph avers statements and legal conclusions to which no response is required. To the extent any response is required, Defendants deny all allegations.

10. Defendants state the paragraph avers statements and legal conclusions to which no response is required. To the extent any response is required, Defendants deny all allegations.

11. Defendants admit Plaintiff submitted a Charge of Discrimination to the Equal Employment Opportunity Commission that was assigned charge number 532-201801922. To the extent any response is required, Defendants deny the remainder of the allegations.

12. Defendants are without sufficient knowledge or information to admit or deny the allegations and, therefore, deny same.

13. Defendants are without sufficient knowledge or information to admit or deny the allegations and, therefore, deny same.

14. Defendants are without sufficient knowledge or information to admit or deny the allegations and, therefore, deny same.

15. Defendants state the paragraph avers statements and legal conclusions to which no response is required. To the extent any response is required, Defendants deny all allegations.

## FACTS

16. Defendants are without sufficient knowledge or information to admit or deny the allegations and, therefore, deny same.

17. Defendants admit Plaintiff was employed at various times in Bay Point Resort's food and beverage operations.

18. Defendants deny all allegations.

19. Defendants admit The Shores Club Restaurant is located near the beach at Bay Point Resort and Marina.

20. Defendants deny all allegations.

21. Defendants deny all allegations for the simple reason the allegations giving rise to Plaintiff's Complaint occurred in non-summer months.

22. Defendants deny all allegations.

23. Defendants deny all allegations.

24. Defendants deny all allegations.

25. Defendants deny all allegations.

26. Defendants deny all allegations.

27. Defendants deny all allegations.

28. Defendants deny all allegations.

29. Defendants are without sufficient knowledge or information to admit or deny the allegations and, therefore, deny same.

30. Defendants are without sufficient knowledge or information to admit or deny the allegations and, therefore, deny same.

31. Defendants are without sufficient knowledge or information to admit or deny the allegations and, therefore, deny same.

32. Defendants are without sufficient knowledge or information to admit or deny the allegations and, therefore, deny same.

33. Defendants deny all allegations.

34. Defendants deny all allegations.

35. Defendants deny all allegations.

36. Defendants deny all allegations.

37. Defendants deny all allegations.

38. Defendants deny all allegations.

39. Defendants deny all allegations.

40. Defendants deny all allegations.

41. Defendants deny all allegations.

42. Defendants deny all allegations.

43. Defendants deny all allegations.

44. Defendants admit that on April 5, 2018, Plaintiff was sent home from working in The Shores Club Restaurant because of his inappropriate conduct for which he apologized. Defendants deny the remainder of the allegations.

45. Defendants deny all allegations.

46. Defendants deny all allegations.

47. Defendants deny all allegations.

48. Defendants deny all allegations.

49. Defendants deny all allegations.

50. Defendants deny all allegations.

51. Defendants deny all allegations.

52. Defendants deny all allegations.

53. Defendants deny all allegations.

54. Defendants deny all allegations.

55. Defendants deny all allegations.

56. Defendants deny all allegations.

57. Defendants deny all allegations.

**COUNT I: GENDER DISCRIMINATION IN VIOLATION OF 42 U.S.C. 2000E-2 *et seq.***
**(Against Bay Point Yacht Sales, LLC)**

58. Defendants adopt and incorporate each of their responses to the preceding paragraphs and deny all allegations not otherwise admitted as true.

59. Defendants deny all allegations.

60. Defendants deny all allegations.

61. Defendants deny all allegations.

62. Defendants deny all allegations.

63. Defendants deny all allegations.

64. Defendants deny all allegations.

65. Defendants deny all allegations.

66. Defendants deny all allegations.

67. Defendants deny all allegations.

**COUNT II: GENDER DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.***
**(Against All Defendants)**

68. Defendants adopt and incorporate each of their responses to the preceding paragraphs and deny all allegations not otherwise admitted as true.

69. Defendants state the paragraph avers statements and legal conclusions to which no response is required. To the extent any response is required, Defendants deny all allegations.

70. Defendants deny all allegations.

71. Defendants deny all allegations.

72. Defendants deny all allegations.

73. Defendants deny all allegations.

74. Defendants deny all allegations.

75. Defendants deny all allegations.

76. Defendants deny all allegations.

77. Defendants deny all allegations.

**COUNT III: RETALIATION IN VIOLATION OF 42 U.S.C. 2000e-2 *et seq.***
**(Against Bay Point Yacht Sales, LLC)**

78. Defendants adopt and incorporate each of their responses to the preceding paragraphs and deny all allegations not otherwise admitted as true.

79. Defendants deny all allegations.

80. Defendants deny all allegations.

81. Defendants deny all allegations.

82. Defendants deny all allegations.

83. Defendants state the paragraph avers statements and legal conclusions to which no response is required. To the extent any response is required, Defendants deny all allegations.

84. Defendants deny all allegations.

85. Defendants deny all allegations.

**COUNT IV: RETALIATION IN VIOLATION OF R.C. § 4112.01 *et seq.***
**(Against All Defendants)**

86. Defendants adopt and incorporate each of their responses to the preceding paragraphs and deny all allegations not otherwise admitted as true.

87. Defendants deny all allegations.

88. Defendants deny all allegations.

89. Defendants deny all allegations.

90. Defendants deny all allegations.

91. Defendants state the paragraph avers statements and legal conclusions to which no response is required. To the extent any response is required, Defendants deny all allegations.

92. Defendants deny all allegations.

93. Defendants deny all allegations.

94. Defendants deny all allegations not otherwise admitted as true herein.

## **AFFIRMATIVE DEFENSES**

1. Defendants affirmatively allege, in the alternative, that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Defendants affirmatively allege, in the alternative, that Plaintiff's claims are barred due to a failure to exhaust administrative remedies.

3. Defendants affirmatively allege, in the alternative, that Plaintiff's claims are barred by the doctrine of waiver.

4. Defendants affirmatively allege, in the alternative, that Plaintiff's claims are barred by the doctrine of estoppel.

5. Defendants affirmatively allege, in the alternative, that Plaintiff's claims are barred by the doctrine of laches.

6. Defendants affirmatively allege, in the alternative, that Plaintiff's claims are barred by the applicable statute of limitations.

7. Defendants affirmatively allege, in the alternative, that Plaintiff's Complaint fails to name the proper Defendants.

8. Defendants affirmatively allege, in the alternative, failure of service of process.

9. Defendants affirmatively allege, in the alternative, that Plaintiff's claims are redundant.

10. Defendants affirmatively allege, in the alternative, that Plaintiff's Complaint is frivolous.

11. Defendants affirmatively allege, in the alternative, that Plaintiff was terminated for a non-discriminatory, legitimate business reason, and not because of gender or any other illegal or improper reason.

12. Defendants affirmatively allege, in the alternative, that to the extent that the Plaintiff has suffered any compensable damages (which is specifically denied), the Plaintiff has failed to mitigate damages.

13. Defendants affirmatively allege, in the alternative, that any damages sustained by Plaintiff as alleged in the Complaint are the result of the direct, proximate, intervening and/or superseding acts and/or omissions of parties other than Defendants.

14. Defendants affirmatively allege, in the alternative, that at all times material hereto, Defendants acted in good faith.

15. Defendants affirmatively allege, in the alternative, that at all times material hereto, Defendants was privileged to act.

16. At all times relevant to this lawsuit, Defendants acted in accordance with applicable laws.

17. Defendants affirmatively allege, in the alternative, that at all times relevant to this lawsuit, Plaintiff was treated in a manner consistent with other similarly situated employees.

18. Defendants affirmatively allege, in the alternative, that Plaintiff is not entitled to recover punitive damages as such damages are unconstitutional.

19. Defendants affirmatively allege, in the alternative, that punitive damages are not recoverable.

20. At all times relevant hereto, Defendants did not willfully violate any law with respect to the treatment of Plaintiff and acted in accordance with Defendants' policies against discrimination, thereby negating Plaintiff's entitlement to punitive damages.

21. Plaintiff unreasonably failed to take advantage of Defendants' anti-discrimination policies and procedures.

22. Defendants affirmatively allege, in the alternative, that Plaintiff's claims of discrimination are barred by provisions of federal and state law and case law interpreting same.

23. Defendants affirmatively allege, in the alternative, that Plaintiff's claims of interference and/or retaliation are barred by provisions of federal and state law and case law interpreting same.

24. Defendants affirmatively allege, in the alternative, that Plaintiff's claims are barred, in whole or in part, by election of remedies.

25. Defendants affirmatively allege, in the alternative, that Plaintiff has no basis for individual liability against Gina Gorsuch.

26. Defendants reserve the right to raise such further defenses as discovery may reveal to be appropriate.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants request that Plaintiff's Complaint be dismissed with prejudice at Plaintiff's costs.

Respectfully submitted,

*/s/J Randall Engwert*
J Randall Engwert (0070746)
Brittany H. Asmus (0095142)
REMINGER CO., L.P.A.
One SeaGate, Suite 1600
Toledo, Ohio 43604
(419) 254-1311
(419) 243-7830 Fax
rengwert@reminger.com
basmus@reminger.com
Counsel for Defendants Bay Point Yacht Sales, LLC and Gina Gorsuch

## JURY DEMAND

Defendants respectfully request a trial by jury on all issues so triable in this action.

*/s/J Randall Engwert*
J Randall Engwert (0070746)
Brittany H. Asmus (0095142)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed electronically. Notice of this filling will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Parties not served electronically will be served via ordinary U.S. Mail, postage prepaid.

*/s/J Randall Engwert*
J Randall Engwert (0070746)
Brittany H. Asmus (0095142)
